PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. EMILIA AVILÉS, Defendant and Appellant.

No. 6126. Argued May 26, 1936.—Decided July 30, 1936.

*Joaquín Velilla* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The appellant was convicted of petit larceny in the Municipal Court of Bayamón, and likewise on appeal in the district court. Her counsel filed eight assignments of error and

in none of them is the principal matter on which appellant relies named or suggested. The fifth, seventh and eighth assignments of error merely say or suggest that the evidence before the court did not justify a conviction for petit larceny. The appellant could easily have said that the proof pointed exclusively to a crime, if any, of embezzlement and not of petit larceny. If, however, the proof would justify a conviction for embezzlement and that alone, the errors attempted to be assigned would be fundamental and we shall therefore consider them. The appellant also attempted to claim the property taken as her own, but the court did not believe her testimony and said so.

■■■ The evidence tended to show that the defendant was a servant in the house of José N. Quiñones. There is evidence that defendant was the latter's mistress or concubine but the court was entitled to disbelieve it, in point of fact, paid no attention to it. While in the house of Quiñones, as a servant, she disposed of or took various articles such as sheets, towels, chickens and eggs of the alleged total value of $18.40. The principal defense was, supposing the taking to be true, that the relation of the defendant to Quiñones was such as to constitute her a servant under Section 450 of the Penal Code so that her acts would amount to an embezzlement and not a larceny.

That Section reads:

"Sec. 450. Every clerk, agent or servant of any person who fraudulently appropriates to his own use or secretes with a fraudulent intent to appropriate to his own use, any property of another which has come into his control or care by virtue of his employment as such clerk, agent, or servant, is guilty of embezzlement."

At the hearing, and even now we have some doubts whether the acts complained of, if true, might not have constituted either a larceny or an embezzlement. The two crimes, it would seem, are mutually exclusive in some jurisdictions. Of this more anon.

We may take it for granted then that the defendant was a servant in the house of Quiñones and that at some time or other she took certain things with her which belonged to the said Quiñones. We deduce from the authorities that a servant in a house has only the custody of the things to be found therein; and the relation of a servant with his master does not fall within our statutory definition of embezzlement unless, of course, the master by his acts, or the particular nature of the servant's duties bring him within the statute, as for example when at the instance of the master he receives things from other persons and appropriates them.

It is true that Quiñones, on the witness-stand, clearly admitted that the defendant had charge of the property in question, but this kind of care or custody of the servant, we think, does not fall within the terms of the statute. In our opinion, that statute refers to some confidential relation especially imposed upon a person or a servant as distinct from the ordinary traditional duties of a domestic servant. Take an extreme case of a master saying to his servant: "Bring me my watch out of the top drawer of my bureau," and the servant walks out of the house with the watch and sells it. In that case, we think, the larceny would be clear. No special confidential relation was created. It seems to us that the relation the servant has with all the things in the house is casual and does not partake of the confidential relation or agency that the statute contemplates. The word "servant" in the statute we should say is employed in the most general use of the term "master and servant," but a domestic servant is not necessarily included, unless he is required to do something out of the ordinary duties as such domestic servant.

We have some idea, but it is unnecessary to decide the question definitely, that in Puerto Rico where both larceny and embezzlement are purely statutory marginal cases might be prosecuted as either crime at the election of the district attorney. See 9 R.C.L. 1267, note 6.

508

■ The other five errors assigned do not need much consideration. Supposing them to be sufficiently assigned they related to the failure of the complaining witness to include the name of certain witnesses in the complaint, a matter within the discretion of the court; to certain attempts to attack the veracity of the complaining witness because of charges made against him as a judge before the Governor of Puerto Rico; to the striking of certain testimony tending to the same effect; to the correctness of the court's action in permitting José N. Quiñones, the prosecuting witness and a lawyer, to remain in court while the testimony was being taken. In point of fact, he remained in court after having testified as the first witness for the prosecution.

■ Error was also assigned on the ground that the court should not have excluded certain statements made by the defendant on reaching the house of another person, the said statements not falling within or being capable of falling within any exception to the hearsay rule like an outcry after a rape.

The majority of the court holds that the fine should be reduced, but the writer finds no reason for intervening in the discretion of the court.

The judgment appealed from should be modified, reducing the penalty to a fine of five dollars, and in default thereof to a day in jail for each dollar left unpaid, and, as modified, affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.